# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION


ARTHUR LEROY SCOTT, JR.,

      Petitioner,

-vs-                                 Case No.  8:07-CV-1027-T-30EAJ
                                               8:06-CR-214-T-30EAJ

UNITED STATES OF AMERICA ,

      Respondent.

_____/

# O R D E R

Petitioner, an inmate in a Federal penal institution proceeding *pro se*,[1] filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging his 2006 sentence for possession of a firearm by a convicted felon(CV Dkt. 1; CR Dkt. 32).  The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, and finds, for reasons set forth below, that the motion should not be served on Respondent without first affording Petitioner an opportunity to cure deficiencies in the motion which might otherwise prevent him from presenting all of his claims. *See* 28 U.S.C. §§ 2244(b) and 2255 ¶ 8.

---

[1] Petitioner is cautioned that although he is appearing *pro se*, he is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. Failure to do so could result in sanctions. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, Petitioner must also provide a self-addressed envelope with $4.20 postage affixed thereto.  A copy of the Local Rules may be found in the Prison Law Library.  They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota  55164.  This book may also be available in the Prison Law Library.

The Rules Governing Section 2255 Proceedings, which have been adopted in this district, require that the petition be in substantially the form appended to the rules. *See* Rule 2(c), Rules Governing Section 2255 Proceedings in United States District Courts.

Use of a prescribed form benefits both the court and the petitioner in terms of accuracy, time-savings, and administrative convenience. Courts that have a large volume of habeas actions, as does this Court, save valuable time if they are not required to sift through lengthy and often incomplete or illegible petitions in an attempt to discern what claims the petitioner is attempting to raise therein and whether he has presented sufficient factual support for those claims. This savings is lost when a petitioner fails to use the form. Use of the form also benefits petitioners because it assists them in presenting their claims in an organized manner, avoiding the omission of information which is necessary for the Court to reach a just resolution of the issues they raise.

Contrary to the express directions of Rule 2(b), Petitioner's motion does not "state the facts supporting each ground" asserted therein. *See* Rule 2(b), Rules Governing Section 2255 Proceedings.

Petitioner is cautioned that vague and conclusory statements will not support granting him the relief he seeks. Petitioner must be set forth with **specificity** each of his claims for relief and a brief statement of the facts which support each claim. Mere references to claims raised in documents he filed in proceedings in a state court or another federal court will not suffice.

To secure a hearing on his claims, a § 2255 movant must allege facts, which, if true, would entitle him to the relief he seeks. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal court to hear a claim based entirely on conclusory allegations wholly devoid of specifics. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc).

Because Petitioner has failed to set forth his claims with adequate specificity, he will be required to file an amended motion.  Petitioner may also file a memorandum of law in support of his motion, not to exceed 25 pages in length. *See* Local Rule 3.01(a) (M.D. Fla. 2007).

In preparing his amended motion, Petitioner should set forth all his claims for relief and the facts he contends support said claims.  *See* 28 U.S.C. §§ 2244(a) & 2255 as they relate to successive petitions. *See also Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the Federal rules supercedes the original complaint); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (same);  *Cedillo v. Standard Oil Co. of Tex.*,  261 F.2d 443 (5th Cir. 1958)[2] (same).  The only claims properly before this Court will be  the ones asserted in the amended motion.

The Court expresses no opinion regarding the timeliness of Petitioner's claims at this time.

---

[2] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

ACCORDINGLY, the Court **ORDERS** that:

1.      The Clerk shall **STRIKE** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Dkt. 1).

2.      Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the instructions on the enclosed form.   Petitioner must set forth with **specificity** each of his claims for relief **and** a brief statement of the facts which support the claim(s).  Failure to comply with the terms of this order within the allotted time shall result in the automatic **dismissal** of this case **without further notice**.[3]

3.      The **Clerk** shall enclose two copies of the court-approved form for use in filing § 2255 motions with Petitioner's copy of this order.   This case number should be affixed to the forms.

        **DONE** and **ORDERED** in Tampa, Florida on June 18, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to:
Petitioner *pro se*

---

[3] The time in which a federal habeas petition is pending does not toll the one-year limitation period.  *See Jones v. United States*, 304 F.3d 1035, 1040-41 (11th Cir. 2002).