UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR LEROY SCOTT, JR.,

    Petitioner,

v.     CASE NO: 8:07-CV-1027-T-30EAJ
Crim. Case No: 8:06-CR-214-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's timely Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #7) and the Government's Response in Opposition to Petitioner's Motion (CV Dkt. #12). After reviewing the motion, response and underlying criminal proceedings, the Court finds that the motion should be denied without an evidentiary hearing because Petitioner's claims are clearly refuted by the record.

## BACKGROUND

Petitioner, Arthur Leroy Scott, Jr. (hereinafter referred to as "Petitioner"), was arrested on November 20, 2005, at Petitioner's residence for being a convicted felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1) (CR Dkt. 19 at 14-15). A complaint was filed in federal court on January 3, 2006, charging Petitioner with being a felon in possession of a firearm and ammunition (CR Dkt.

1). Petitioner and his court-appointed attorney, Frank Zaremba, signed a waiver of prosecution by indictment, and the matter proceeded by Information (CR Dkt. 17). Also, Petitioner entered a plea of guilty to Count One, being a convicted felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), on July 5, 2006 (CR Dkt. 22), pursuant to a plea agreement with the United States executed June 21, 2006 (CR Dkt.19).

As one of the terms of his plea agreement, Petitioner expressly waived his right to appeal or challenge his sentence collaterally except under limited circumstances including:

> (a) the ground that the sentence exceeds the defendant's applicable guideline range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(CR Dkt. 19 at 12).

At sentencing on October 5, 2006, Petitioner was represented by Attorney Donna Kay Rose. Over objection of counsel, Petitioner was not given any reduction for acceptance of responsibility because after his arrest, but before sentencing, he was arrested for other offenses (burglary, felon in possession of a firearm, and grand theft) (CR Dkt. 41). Petitioner was sentenced to 27 months incarceration to be followed by 24 months of supervised release (CR Dkt. 32). On October 17, 2006, Petitioner filed a declaration with the court stating he did not wish to file an appeal (CR Dkt. 33).

**Appeal Waiver**

As set forth above, one of the conditions of Petitioner's plea agreement was that he waived his right to appeal his sentence, directly or collaterally, except in limited circumstances (CR Dkt.19). Sentence-related appeal waivers are valid if they are made knowingly and voluntarily. See United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a § 2255 proceeding. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). The appeal waiver is enforceable against claims of ineffective assistance of counsel unless the ineffective assistance claim relates directly to the negotiation of the waiver itself. See id. For the waiver to be enforced, the United States must demonstrate either that (1) the district court questioned the defendant about the waiver during a Fed. R. Crim. P. 11 colloquy or (2) that the record clearly shows that the defendant otherwise understood the full significance of the waiver of appeal. Bushert, 997 F.2d at 1351.

In this case, the court found that the petitioner knowingly, intelligently and voluntarily entered a guilty plea.[1] At the guilty plea hearing, the Court had the government recite the waiver of appeal. The Court then asked Petitioner if he had any questions about the waiver, and whether he understood that the waiver significantly limited his right to appeal on any ground. Petitioner did not ask questions about the waiver. Petitioner acknowledged that he understood the limiting nature of the waiver of appeal, and testified that he entered the plea

---

[1] United States of America v. Arthur Leroy Scott, Jr., Transcript of Sentencing Hearing, Dkt. 41, Case No: 8:06-CR-214-T-30EAJ (Oct. 5, 2006)

agreement voluntarily. Further, Petitioner conceded that he was entering a guilty plea because he was, in fact, guilty of the offense of possession of a firearm by a convicted felon. Statements made by a defendant in open court are presumed to be true. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 (11th Cir. 1987); Downs-Morgan v. United States, 765 F.2d 1534, 1541 (11th Cir. 1985). Accordingly, the Court finds that Petitioner knowingly entered into the plea agreement.

## DISCUSSION

Even if the Court were to find that the appeal waiver were ineffective, Petitioner would still not be entitled to relief under § 2255 for reasons set forth below.

Petitioner contends that (1) his counsel was ineffective for failure to appeal his sentence to the Eleventh Circuit; and (2) the Government breached the plea agreement for opposing his request for two levels of downward departure for acceptance of responsibility, and the court erred in failing to award two levels of downward adjustment of Petitioner's sentence.[2]

**Ground One: Ineffective Assistance of Counsel**

Petitioner argues that he received ineffective assistance of counsel because his counsel failed to file a notice of appeal after Petitioner requested an appeal (CV Dkt. 7 at 4). To establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient, and that the deficient performance

---

[2] Petitioner's second and third arguments, both relating to downward departure for acceptance of responsibility, are intertwined, so the court will address them together.

prejudiced the Petitioner. Strickland v. Washington, 466 U.S. 668, 684 (1984). The Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Strickland standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed" to have rendered adequate assistance. Id. at 688, 690. In Roe v. Flores-Ortega, the Court applied the Strickland test and determined that a lawyer's disregard of a defendant's request to appeal is a professionally unreasonable act. 528 U.S. 470, 476-77 (2000). Further, a court must inquire into whether counsel consulted with the defendant regarding an appeal to determine whether counsel performed deficiently. Id. at 478. Counsel is required to consult with the defendant when either (1) a rational defendant would want to appeal; or (2) the defendant reasonably demonstrated to counsel an interest in appealing. Id. at 480.

The issue is whether Petitioner, in fact, asked his lawyer to appeal his sentence to the Eleventh Circuit on October 5, 2006, the date of his sentencing hearing (CV Dkt. 7 at 4). Petitioner argues that his counsel's failure to appeal or file an Anders brief amounted to ineffective assistance of counsel (CV Dkt. 7 at 4).[3] At sentencing, the Court informed

---

[3] An Anders brief is filed by a court-appointed defense attorney who wishes to withdraw from a case on appeal because the attorney believes that the appeal is frivolous. Anders v. California, 386 U.S. 738 (1967)

Petitioner of his right to appeal from his judgment and sentence within ten days.[4] The Court directed the Petitioner to complete a form entitled "Declaration of Intent to Appeal" and mail it to the Clerk's office at the end of the ten-day period stating whether or not he wished to file an appeal. Failure to return the form, the Court explained, would be construed as an acknowledgment by Petitioner that he did not wish to file an appeal. On the day of sentencing, October 5, 2006, Petitioner completed the "Declaration of Intent to Appeal" form on which he indicated that he did not wish to file an appeal (CR Dkt. 33). The form was filed with the Court on October 17, 2006 (CR Dkt. 33). Petitioner will not now be heard to claim he told his lawyer at sentencing that he wanted to appeal when his written Declaration, signed by him at sentencing, explicitly states to the contrary.

The Declaration in the record refutes Petitioner's claim. Petitioner has failed to demonstrate that Attorney Donna Kay Rose's performance was unreasonable under prevailing professional norms. See Strickland, 466 U.S. at 688.

**Grounds Two and Three: Failure to Award Two Levels of Downward Departure for Acceptance of Responsibility**

Petitioner argues that the Government breached the plea agreement by objecting at the sentencing hearing to his request for two levels of downward departure for acceptance of responsibility (CV Dkt. 7 at 5). Petitioner also argues that the Court erred in failing to grant the downward departure because the sentencing court told him that the downward

---

[4]United States of America v. Arthur Leroy Scott, Jr., Transcript of Sentencing Hearing, Dkt. 41, Case No: 8:06-CR-214-T-30EAJ (Oct. 5, 2006)

departure would be granted if the state case, which arose after the instant case, was dismissed (CV Dkt. 7 at 5).

The relevant language of the plea agreement states:

> At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

(CR Dkt. 19 at 3 ¶ 7).

The Court does not find Petitioner's arguments persuasive. The Government agreed not to object to Petitioner's downward adjustment request in the event that *no adverse information* was received. Petitioner was arrested for the charge in the instant case on November 20, 2005 (CR Dkt. 19 at 14-15). Petitioner was released on bond and on May 5, 2006, was arrested for burglary of a structure, grand theft, and felon in possession of a firearm (CV Dkt. 12 at 13). At the sentencing hearing on October 5, 2006, Petitioner's counsel objected to the lack of acceptance of responsibility in the instant case based on Petitioner's waiver of right to indictment, and his cooperation with the Government.[5] The Government argued that the new arrest fell under the "adverse information" exception in the plea agreement and therefore, Petitioner was not entitled to

---

[5] United States of America v. Arthur Leroy Scott, Jr., Transcript of Sentencing Hearing, Dkt. 41, Case No: 8:06-CR-214-T-30EAJ (Oct. 5, 2006)

a downward departure for acceptance of responsibility.

Also at the sentencing hearing, the Court offered Petitioner a continuance in order to allow the Government time to prove by a preponderance of the evidence that Petitioner was guilty of the charges brought against him pursuant to his May 2006 arrest. Petitioner consulted with his attorney and subsequently expressed his wish to conclude sentencing that day. Petitioner then conceded that the Government could prove by a preponderance of the evidence that he committed the crimes underlying his May 2006 arrest. The Court then decided not to grant the downward departure for acceptance of responsibility because the subsequent arrest evidenced a failure to accept responsibility. The district court is authorized to consider subsequent criminal conduct in determining whether to award acceptance of responsibility. United States v. Pace, 17 F.3d 341 (11th Cir. 1994). It is within the Court's discretion whether or not to give a reduction for acceptance of responsibility when a defendant has committed another crime before sentencing. See United States v. Scroggins, 880 F.2d 1204(11th Cir. 1989) (not awarding downward departure where defendant continued criminal activity).

Petitioner's second arrest was sufficient to constitute "adverse information" under the plea agreement. Therefore, the Court finds that the Government did not breach the plea agreement by opposing Petitioner's request for a downward departure. Petitioner also argues that the sentencing court told him that a downward departure would be granted if the charges on the subsequent case were dropped (CV Dkt. 7 at 7). The sentencing transcript evidences that no such statement was made to the Petitioner at the sentencing

hearing.[6]

The Court finds that Petitioner has failed to show that he was entitled to, or should have been granted, a downward departure for acceptance of responsibility. Given the above, the Court finds it unnecessary to address Government's argument that Petitioner's claims are procedurally barred.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #7) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.# 40, in the underlying criminal case, case number 8:06-CR-214-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2008.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1027.order.deny 7.wpd

---

[6] United States of America v. Arthur Leroy Scott, Jr., Transcript of Sentencing Hearing, Dkt. 41, Case No: 8:06-CR-214-T-30EAJ (Oct. 5, 2006)